UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DELMIRO RIVAS-MONTANO,

v.                    Case No. 8:03-cr-47-T-24EAJ
                     8:06-cv-852-T-24EAJ

UNITED STATES OF AMERICA.

_____

O R D E R

This cause is before the Court on Defendant's "affidavit" in support of his motion to vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255. (Doc. No. 3). Attachment one to document number three is written in Spanish.

"[I]t is clear, to the point of perfect transparency, that federal court proceedings must be conducted in English." United States v. Rivera-Rosario, 300 F.3d 1, 5, 7 n. 4 (1st Cir. 2002) (noting "well-settled rule that parties are required to translate all foreign language documents into English"); see also Lopez-Carrasquillo v. Rubianes, 230 F.3d 409, 413-14 (1st Cir.2000) (declining to consider as part of summary judgment record a deposition excerpt in Spanish, where party submitting excerpt failed to provide English translation); Krasnopivtsev v. Ashcroft, 382 F.3d 832, 838 (8th Cir. 2004) (copy of passport was properly excluded from evidence where no English translation or certification was offered); United States v. Cruz, 765 F.2d 1020, 1023 (11th Cir.1985) (where defendant engages in "deliberate tactical decision" not to submit English translation of Spanish tape, he cannot complain on appeal that jury's function was usurped when he failed to present evidence

that would have aided jury in fulfilling that function); <u>Heary Bros. Lightning Protection Co. v. Lightning Protection Institute</u>, 287 F. Supp.2d 1038, 1074 (D. Ariz. 2003) (sua sponte striking as inadmissible plaintiffs' exhibits that were not in English and for which plaintiff had provided no translation); <u>Continental Illinois Corp. v. C.I.R.</u>, 1989 WL 99426, 57 T.C.M. (CCH) 1464 (U.S. Tax Ct.1989) (declining to make untranslated financial documents part of record where neither respondent nor court is literate in language in which statements were written).[1]

Having considered the present filing, the Court orders:

That the Clerk strike Defendant's affidavit (and the attachment) (Doc. No. 3). Defendant may file an affidavit, but must furnish a certified translation of any Spanish documents he files in support of the affidavit.

The Court notes that Defendant did not date the present filing. Any future filings must contain the date the document was signed.

ORDERED at Tampa, Florida, on May 22, 2006.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to:
AUSA: Joseph K. Ruddy; Kelley Clement Howard-Allen
Pro se: Delmiro Rivas-Montano

---

[1] Notwithstanding these precedents, the Court recognizes that some courts have allowed foreign-language documents into evidence, even without accompanying translations. <u>See Jazz Photo Corp. v. United States</u>, 353 F. Supp.2d 1327, 1361-61 (CIT 2004) ("That some of the documents contained within the business records are written in a foreign language or not produced upon company letterhead does not defeat admissibility but instead affects only the probative value of such documents ….").